APR 2 1 2010

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA DONIZETTI | 2:09-CV-02294-RCJ-(PAL) |
| Plaintiff, | **ORDER** |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, CLARK COUNTY, | |
| Defendants. | |

Plaintiff Joshua Donizetti, ("Plaintiff"), filed this suit against Defendants Las Vegas Metropolitan Police Department and Clark County, (collectively, "Defendants"), alleging claims for civil rights violations, malicious prosecution, intentional infliction of emotional distress, false imprisonment, and negligent supervision. Presently before the court is Defendant Clark County's Motion to Dismiss (#10). Plaintiff opposed the motion (#15) and Clark County replied (#16). The Court held a hearing on April 5, 2010. The Court now issues the following order.

IT IS HEREBY ORDERED that Defendant Clark County's Motion to Dismiss (#10) IS GRANTED.

I. BACKGROUND

Plaintiff alleges that he was arrested and charged with conspiracy to commit robbery, burglary while in possession of a deadly weapon, robbery with use of a deadly weapon, and attempt robbery with use of a deadly weapon in Clark County, Nevada. (Compl. (#1) ¶ 12). He alleges that, despite the fact that Defendants knew multiple sources identified someone

1

else as the perpetrator, Defendants continued to incarcerate him and pursue charges against him. (*Id.* at ¶¶ 13, 16–17). After several months of incarceration, Plaintiff was released without trial. (*Id.* at ¶ 15).

Plaintiff filed suit in this Court against Defendants. (Compl. (#1)). He alleges claims for wrongful imprisonment under § 1983 and state-law claims for malicious prosecution, intentional infliction of emotional distress, false imprisonment, and negligent supervision. (*Id.*). Clark County now moves to dismiss all Plaintiff's causes of action against it. (Mot. to Dismiss (#10)).

## II. LEGAL STANDARD

A court must dismiss a cause of action that fails to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001).

## III. ANALYSIS

Plaintiff has failed to allege a claim in his complaint against Clark County upon which relief may be granted. Plaintiff concedes that officers of Las Vegas Metro are not agents of Clark County. He admits that his statement to the contrary in his complaint was in error. (Pl.'s Opp'n (#15) 2:21–24). However, Plaintiff contends that he has properly alleged claims against Clark County for malicious prosecution and negligent supervision. (*Id.* at 1:22–26).

Plaintiff has not properly alleged a claim against Clark County for negligent supervision. In his complaint, Plaintiff only alleges negligent supervision of police officers by Las Vegas Metro. Plaintiff alleges that Las Vegas Metro "had a duty to properly supervise the officers

who were investigating the crimes charged in the Complaint." (Compl. (#1) ¶ 45). He alleges that "[t]he training and supervision of officers is an operation function for which the police department does not enjoy immunity." (*Id.* at ¶ 46). He further alleges that breach occurred "when the supervisors, overtook [sic] to cover up the investigation performed by" Las Vegas Metro. (*Id.* at ¶ 48).

Neither Clark County nor its employees are mentioned in the claim for negligent supervision. Plaintiff does allege that "Defendants," rather than Las Vegas Metro alone, "had the duty of assuring proper conduct by the officers under their command and supervision," (*id.* at ¶ 47), "breached their duty to supervise," (*id.* at ¶ 48), and caused Plaintiff damages, (*id.* at ¶ 49). However, in light of the specific allegations against Las Vegas Metro and its officers and the lack of any specific allegations against Clark County or its employees, Plaintiff's claim for negligent supervision does not give Clark County notice of a cognizable legal claim against it.

Plaintiff has sufficiently provided Clark County with notice that his claim for malicious prosecution includes Clark County. Plaintiff alleges that "Defendants" "levied against him" "false and malicious charges," (*id.* at ¶ 28), "knew or should have known that these charges were false," (*id.* at ¶ 29), deprived Plaintiff of his liberty, (*id.* at ¶ 30), and caused Plaintiff damages, (*id.* at ¶¶ 30–31). Plaintiff nowhere indicated that this charge only applies to Las Vegas Metro.

But, even if Plaintiff's claims for negligent supervision and malicious prosecution extend to Clark County, Plaintiff has failed to allege claims against Clark County for which relief can be granted. Clark County does not control Las Vegas Metro, as Plaintiff concedes. (*See* Pl.'s Opp'n (#15) 2:21–24). Nor does it control criminal charges and prosecutions, as Plaintiff argues. (*See id.* at 2:25–3:3). Rather, though funded by the county, the district attorney, an independent elected official, controls prosecutions within Clark County and is responsible for supervising his employees. *See* Nev. Rev. Stat. §§ 252.020, 252.070, 252.080, 252.110. Therefore, as a matter of law, Plaintiff has failed to state any claims against Clark County for which relief may be granted.

Plaintiff requests leave to amend his complaint. (Pl.'s Opp'n (#15) 2:24–25). Plaintiff should make a request to amend as a separate motion with a proposed amended complaint attached. Local Rule 15-1. Because Plaintiff has not yet amended his complaint and there has been no showing that amendment would be futile, the Court dismisses all the claims against Clark County without prejudice, so that Plaintiff may potentially avail himself of a motion to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave to amend when justice so requires.").

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Defendant Clark County's Motion to Dismiss (#10) IS GRANTED.

IT IS FURTHER ORDERED that all Plaintiff's causes of action are DISMISSED as against Clark County WITHOUT PREJUDICE.

DATED: This ___ day of April, 2010.

Robert C. Jones
UNITED STATES DISTRICT JUDGE